**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DUANE BOYLE, through his guardians Marion and Robert Boyle, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROBIN ARNOLD-WILLIAMS, in her official capacity as the Secretary of the Washington department of Social and Health Services,,<br><br>Defendants. | **Case No.** C-01-5687 JKA<br><br><br>ORDER DENYING PLAINTIFFS' MOTION TO ALTER ORDER DENYING CLASS CERTIFICATION |

THIS MATTER comes before the court on plaintiffs' motion to alter an earlier order denying class certification. The court has considered all materials offered in support of and in response to said motion, as well as the files and records herein.

## HISTORY

Plaintiff, Duane Boyle, through his guardians filed the original complaint December 6, 2001. Simultaneously, a motion for class certification was filed. Thereafter the complaint was twice amended on December 13, and December 18, 2001. Plaintiffs sought declaratory and injunctive relief for themselves and a class estimated to include 11,000 developmentally disabled adults alleging the defendant was not

ORDER
Page - 1

properly administering its Medicaid-funded Home and Community-Based Services (HCBS) waiver program, then known as the Community Alternative Program (CAP) in which plaintiffs were enrolled. With the filing of the second amended complaint a second motion for class certification was filed. While the motion for class certification was pending, defendant moved for dismissal. On February 12, 2003 the court denied plaintiffs' motion for certification, based on the numerosity of the anticipated class plaintiffs, lack of commonality, and lack of typicality. Plaintiffs moved for interlocutory review. On April 3, 2003 the District Court entered an order dismissing the case and striking plaintiffs' petition for interlocutory review on the basis that plaintiffs had failed to exhaust their administrative remedies.

Plaintiffs appealed the April 3, 2003 Order of Dismissal. On April 1, 2004 the state replaced the CAP waiver program with four new waiver programs to provide home and community-based services to persons with developmental disabilities, during the pending appeal to the Ninth Circuit.[1] On March 29, 2005, the Ninth Circuit (1)affirmed this Court's denial of class certification holding that it could only reverse a denial of class certification if it found an abuse of discretion, and that it could not say that the decision here was outside the broad range encompassed by the abuse of discretion standard; and (2) reversed and remanded holding that Plaintiffs' claims were not moot, their claims were ripe, that *Burford* abstention was not warranted, and that plaintiffs were not required to exhaust their state administrative remedies.

On September 8, 2005 plaintiffs filed this motion to Alter the Order Denying Class Certification. On September 15, 2005, a Third Amended complaint was filed and the case was reassigned to the

---

[1] These programs consist of four separate HCBS waivers: (1) **Basic** - serving individuals who are living with their family or in their own homes and whose care giver's ability to continue caring for the person is at risk without some additional services; (2) **Basic Plus** serving individuals whose risk of out of home placement is high but who can still be supported in their current home by additional services over and above those provided by the Basic waiver; (3) **Core**- serving individuals at immediate risk of out of home placement and providing services which are similar to the Basis Plus waiver ; and (4) **Community Protection** - a voluntary program targeting the needs of those individuals who need 24 hour supervision to assure the safety of others.

undersigned United States Magistrate Judge pursuant to the parties consent to reassignment under 28 U.S.C. 636(c)(1)C.  Respondents filed an answer to the Third Amended Complaint September 19, 2005.

The Third Amended Complaint deletes plaintiffs, adds plaintiffs, and challenges the defendant's four new HCBS programs.  The Third Amended Complaint also alleges that (1)  Defendant failed to advise plaintiffs and class members of the range and availability of Medicaid services to which they are entitled when they terminated the CAP waiver and transferred them to one of the four new HCBS waiver programs; (2) Defendant has violated the Medicaid Act by failing to provide necessary Medicaid services to plaintiffs and other class members with reasonable promptness.; and (3) Defendant has denied Plaintiffs and class members due process when needed services are reduced, terminated, or denied.

## DISCUSSION

This motion to alter the earlier order of the court denying plaintiffs' motion to certify a class action seeks relief under FRCP 23(c)(1)(C) which provides for altering or amending an order determining whether to certify an action as a class action "before final judgment."  Plaintiffs support their request alleging the following reasons: (1) the Ninth Circuit found that Plaintiffs' claims were not moot and that the issues raised remain ripe; (2) Plaintiffs have amended their complaint to clarify their claims and the relief they seek; and (3) plaintiffs have added additional named plaintiffs to demonstrate that defendant's unlawful polices, practices and course of conduct continues.

This motion comes before the court in somewhat of a unique posture.  The original denial of plaintiffs' motion to certify the action as a class action was entered by the Honorable Franklin D. Burgess to whom the case was originally assigned.  The Ninth Circuit affirmed the order denying class certification holding that it could only reverse a denial of class certification if it found an abuse of discretion and that it could not say that the decision was outside the broad range that is encompassed by the abuse of discretion standard.

Following the affirmation of that the denial to certify the class (and the reversal of the District court's order granting summary judgment of dismissal) the case was remanded to the District Court for

further proceedings. This motion to alter the decision regarding class certification was filed September 8, 2005, prior to the filing of the Third Amended Complaint and the transfer of the case to the undersigned pursuant to 28 U.S.C. 636(c)(1)(C). Unless new information is presented to this court supporting the request for class certification, this court views the decision of Judge Burgess as the law of the case. Addressing plaintiffs' arguments in support of the motion to alter the courts concludes as follows:

1. <u>The Ninth Circuit finding that plaintiffs' claims were not moot and the issues remain ripe</u>. This finding is relevant to the appellate court's reversal of the judgment of dismissal of plaintiffs' claims, but is not relevant to the appellate court's determination regarding class certification.

2. <u>Plaintiffs amendment of their complaint to clarify their claims and the relief sought</u>. To the extent the Third Amended Complaint references the four new HCBS waiver programs substituted for the CAP waiver program, the issues relevant to class certification remain unchanged. The new programs do not significantly affect the issues of numerosity, typicality, commonality, or issues regarding defendant's actions or refusal to act. Rather the new waiver program appears to have more neatly categorized those persons with developmental disabilities in need of home and community based services in the interest of efficiency and consistency.

Plaintiffs' original complaint set forth six causes of action. The Third Amended Complaint sets forth three causes of action. A close comparison shows no specific statute or regulation alleged in the Third Amended Complaint that was not alleged in the original complaint. To the extent the language set forth in the causes of action may differ, the court notes that allegations of failure to utilize "reasonable promptness" in the Third Amended Complaint were not alleged in that exact language in the original complaint. To the extent this is a "new" allegation it is one which would have to be applied against the circumstances of each individual claimant based on a number of factors including, but not limited to, the nature of the disability, the reason for the alleged delay, and the availability of the particular service.

3. <u>Addition of plaintiffs to support plaintiffs' allegations of defendant's misconduct</u>. The purported class numbers approximately 10,000. The addition of two plaintiffs (in substitution of two of

the original plaintiffs) results in a total of four individually named plaintiffs.  This addition/deletion/substitution in no way alters the strength of plaintiffs' argument for class certification.

# **ORDER**

**Accordingly, it is hereby ordered adjudged and decreed that plaintiffs' Motion to Alter Order Denying Class Certification is hereby denied.**

Dated this 13th day of October, 2005.

/s/ J. Kelley Arnold
United States Magistrate Judge