The Honorable J. Kelley Arnold

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| DUANE BOYLE, through his guardians Marion and Robert Boyle, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBIN ARNOLD-WILLIAMS, in her official capacity as the Secretary of the Washington Department of Social and Health Services, <br><br> Defendant. | No. C01-5687JKA <br><br> AGREED PROTECTIVE ORDER |

This matter having come before this Court upon the Parties' Joint Motion For a Protective Order, it is hereby ORDERED, ADJUDGED and DECREED that a Protective Order shall be issued in accordance with Civil Rule 26(c).  It is further ORDERED that:

1.     This Order shall govern the designation, production, handling, and treatment of, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents which is confidential pursuant to RCW 70.02.050, RCW 74.04.060, RCW 42.17.311, and 45 C.F.R. Parts 160-164 and which is

AGREED PROTECTIVE ORDER
No. C01-5687JKA

1

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558

1   obtained or observed as a result of or in the course of this litigation.  The purpose of this Order

2   is to protect the privacy of the individuals whose confidential public assistance records and

3   health information is sought in discovery or will be used at trial.

4         2.    <u>Documents</u>:

5         When used in this Order, the word "documents" means all written, recorded or graphic

6   matter whatsoever, including, but not limited to, materials produced pursuant to Civil Rule 34,

7   by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers,

8   responses to requests for admission, and any portion of any Court papers that quote from any

9   of the foregoing.

10        3.    <u>Scope and Designation</u>:

11        Any and all documents that include or reveal the names or other personally identifying

12  information of past or current individual Division of Developmental Disabilities (DDD)

13  clients, any persons who have made application for DDD services, or past or present clients or

14  constituents of Plaintiffs, shall be governed by this Order.  As used herein, "personally

15  identifying information" shall include, but is not limited to, health care record information, any

16  information from which the identity of a client or constituent may be ascertained, and any

17  information which is deemed confidential pursuant to RCW 74.04.060, RCW 70.02.050,

18  RCW 42.17.311, and 45 CFR Parts 160-164.

19        4.    <u>Challenge to Confidentiality Designation</u>:

20        If any party objects to the designation of any document(s) produced or filed as

21  "confidential," under the above definition, that party may file a motion to resolve the dispute

22  regarding whether such document(s) qualifies for confidential status.  Interested parties shall

23  attempt to resolve any such disagreements before submitting them to the Court.  Pending

24  resolution of a dispute over the status of a document under this Order, that document shall be

25  considered a confidential document subject to the protection of this Order.  At all times, the

AGREED PROTECTIVE ORDER
No. C01-5687JKA

2

1    party seeking to assert a document's confidentiality bears the burden of showing good cause

2    pursuant to Civil Rule 26(c).

3         5.    Identification of Counsel:

4         For the purpose of this Order, "counsel" or "attorney" means counsel of record for the

5    parties of this action and all of their employees, contractors, sub contractors, agents and

6    experts.

7         6.    Use of Confidential Material:

8         Confidential records shall be used solely for the purpose of conducting the action

9    entitled *Boyle et al. v. Arnold–Williams,* Cause No. C01-5687JKA, unless the person who is

10   the subject of such confidential material, or that person's legal guardian, if applicable,

11   authorizes its use for any other particular purpose.

12        7.    Use and Designation of Confidential Material in Court Filings:

13        When the parties file pleadings, motions, affidavits, declarations, deposition transcripts,

14   briefs, or other documents with the Court that refer to individuals covered by this Agreed

15   Protective Order, the parties must ensure that the individuals' names are not used and rather

16   must replace each name with a designated letter or letters.  Absent circumstances not in the

17   control of either party, each individual covered by this Protective Order must be identified

18   during discovery, and the parties shall agree upon the unique assigned letter(s) designation as

19   soon as possible following identification of the individual and exchange of confidential

20   records.  In the event a party files pleadings with the Court that refer specifically to a person

21   whose confidential information is the subject matter of this Protective Order and whose

22   identifying initials or letters have not yet been agreed to, that party must notify opposing

23   counsel as to the identity and corresponding designated letter(s) contained in the pleadings.

24

25

AGREED PROTECTIVE ORDER                    3                ATTORNEY GENERAL OF WASHINGTON
No. C01-5687JKA                                                      670 Woodland Square Loop SE
                                                                              PO Box 40124
                                                                         Olympia, WA  98504-0124
                                                                            (360) 459-6558

1          If the individual who is the subject of the document(s) filed with the Court, or that

2  person's legal guardian, if applicable, authorizes a party to use the individual's name, any party

3  may reference the individual by name in the document(s) filed with the Court.

4          Portions of confidential records (such as medical records) may be attached to any

5  pleadings, motions, affidavits, declarations, deposition transcripts,  briefs, or other documents

6  filed with the Court, but all records that contain personally identifying information must be

7  filed under seal.  When submitting or filing records with the Court under seal, the parties shall

8  use the following designation:

9          **CONFIDENTIAL,  SUBJECT  TO  PROTECTIVE  ORDER.  THIS**

10  **ENVELOPE, CONTAINING THE ABOVE-IDENTIFIED PAPERS FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE OPENED NOR**

11  **THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR**

12  **AGREEMENT OF THE PARTIES.**

13  Only the confidential records will be filed under seal.  The pleadings, motions, affidavits,

14  declarations, deposition transcripts, briefs, or other documents filed with the Court will not be

15  filed under seal.

16          If the person who is the subject of the confidential records or that person's legal

17  guardian, if applicable, authorizes a party to use the confidential records, any party may use or

18  file the records in an unsealed form.  Upon filing with the Court, the portion of the confidential

19  record that has not been filed under seal becomes part of the public record.

20          8.   <u>Disclosure of Confidential Material</u>:

21          All confidential records shall be controlled and maintained in a manner that precludes

22  access by any person not entitled to access under this Protective Order.   Any patient's

23  confidential information shall be disclosed only to the following persons:

24

25

AGREED PROTECTIVE ORDER         4
No. C01-5687JKA

(a)   Counsel, including paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in the above-entitled action;

(b)   Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who is engaged by counsel in this litigation, whether or not such expert is paid directly by a party;

(c)   Any director, officer, or employee of a party who is requested by counsel for such party to work directly on the above entitled action;

(d)   Any deposition or trial witness;

(e)   Any person who authored or received the particular confidential information sought to be disclosed;

(f)   Any court or other shorthand reporter or typist recording or transcribing testimony; or

(g)   The Court.

Confidential information shall not be disclosed to persons described in Paragraphs 8(b), (c), or (d) unless or until such persons have been provided with a copy of this Protective Order and have agreed in writing to abide by and comply with the terms and provisions therein.

9.   Use of Confidential Information During Discovery:

Depositions.   A party may designate as confidential the deposition transcript and all exhibits to the deposition by indicating on the record at the deposition that certain information is confidential and subject to the terms of this Protective Order.   Alternatively, the party may make a confidential designation by notifying all parties in writing within twenty (20) days after the deposition transcript is received by the party of the portions of the transcript and/or exhibits designated as confidential.   During this interim twenty (20) day period, the entire transcript and the exhibits attached thereto shall be treated by all the parties as confidential.   All transcripts and deposition exhibits containing any confidential information shall be marked: **"CONFIDENTIAL.   Subject to restriction by a Protective Order."**

AGREED PROTECTIVE ORDER
No. C01-5687JKA

5

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558

_Interrogatories and Requests for Production, and other discovery related matters_.  Use of confidential information during discovery shall be designated as follows:

    (a)    To designate a document as one containing confidential information, the party producing the document, shall stamp the first page and every page thereafter as follows: **"CONFIDENTIAL.  Subject to restriction by a Protective Order."**

    (b)    All confidential documents produced by the parties during discovery shall be stamped as indicated in paragraph 9(a) above.

    (c)    Any responses to interrogatories, requests for production, or requests for admission, which are designated by a party as containing confidential information, shall be submitted in a separate document with each page stamped as indicated in paragraph 9(a) above.

    (d)    If documents are produced on a computer disc, and all documents on the disc contain confidential information, they shall all be designated confidential by application to the disc of a sticker bearing the language set out in paragraph 9(a).  If any of the documents are used at depositions or attached to pleadings, each page of these documents shall be stamped as indicated in paragraph 9(a).

10.    _Use of Confidential Information at Hearing or Trial_:

A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above entitled action.  Any confidential information used in any court proceeding shall not lose its confidential status through such use, unless the Court orders otherwise.

11.    _Preservation of Rights and Privileges_:

Nothing contained in this Protective Order shall (1) affect the right of any party or witness to make any other type of objection or claim; or (2) diminish the Washington Protection and Advocacy System's federal access rights under 42 U.S.C. § 10801, et seq., as amended; 42 U.S.C. § 15041, et seq.; and the regulations promulgated thereunder.

AGREED PROTECTIVE ORDER
No. C01-5687JKA        6        ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558

12.     Modification of the Protective Order:

This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for an additional protective order, or for modification of this Order.

13.     Return of Materials:

Within thirty (30) days after the conclusion of the above entitled action, including, without limitation, any appeal or retrial, all confidential information, including copies, extracts, or summaries, shall be returned to counsel who provided it, unless that person who is the subject of such confidential material or that person's legal guardian, if any, directs that such materials be given to that person's legal guardian instead of the producing party or upon consent of counsel for the producing party.  Alternatively, a party or counsel in possession of documents containing confidential information shall certify in writing within the 30-day period that all such documents have been destroyed.  As to those materials which contain confidential information, but constitute or reflect counsel's work product, all such work product and all copies shall either be destroyed or retained by counsel in a secure place, subject to this Protective Order.

14.     Inadvertent Disclosure:

Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly:   (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order.  No information shall lose its confidential status because of its disclosure to a person not authorized to receive it under this Protective Order.

AGREED PROTECTIVE ORDER
No. C01-5687JKA

7

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558

1    15.    Upon conclusion of the above entitled action, the provisions of this Protective

2    Order shall continue to be binding.

3    16.    This Protective Order shall remain in full force and effect until modified,

4    superseded, or terminated by consent of the parties or by Order of this Court made upon

5    reasonable written request.

6    Dated this 3rd day of March, 2006.

7

8                                   */s/ J. Kelley Arnold*
                                    THE HONORABLE J. KELLEY ARNOLD
9                                   United States Magistrate Judge

10

11

12   Presented by:

13   ROB MCKENNA
     Attorney General
14

15

16   /s/  William M. Van Hook
     WSBA No. 33922
17   Assistant Attorney General
     Telephone:  (360) 459-6187
18   Fax:  (360) 407-0433
     E-mail:  WilliamV@atg.wa.gov
19

20

21   /s/  Edward J. Dee
     WSBA No. 15964
22   Assistant Attorney General
     Telephone:  (360) 459-6950
23   Fax:  (360) 407-0433
     E-mail:  Edward.Dee@atg.wa.gov
24

25

AGREED PROTECTIVE ORDER                    8                ATTORNEY GENERAL OF WASHINGTON
No. C01-5687JKA                                                   670 Woodland Square Loop SE
                                                                         PO Box 40124
                                                                    Olympia, WA  98504-0124
                                                                         (360) 459-6558

1

2

3     /s/  John S. Meader
      WSBA No. 34303
      Assistant Attorney General
4     Telephone:  (360) 459-6735
      Fax:  (360) 407-0433
5     E-mail:  JohnM6@atg.wa.gov
      Attorneys For Defendant
6

7

8     /s/  David R. Carlson
      WSBA No. 35767
9     Washington Protection & Advocacy System
      Telephone:  (206) 324-1521
10    Fax:  (206) 957-0729
      davidc@wpas-rights.org
11    Attorney For Plaintiffs

12

13

14    /s/  Amy Louise Crewdson
      WSBA No. 9468
15    Columbia Legal Services
      Telephone:  (360) 943-6260, Ext. 214
      Fax:  (360) 754-4578
16    amy.crewdson@columbialegal.org
      Attorney For Plaintiffs
17

18

19    /s/  Deborah A. Dorfman
      WSBA No. 23823
20    Washington Protection & Advocacy System, Inc.
      Telephone:  (206) 324-1521
21    Fax:  (206) 957-0729
      debbied@wpas-rights.org
22    Attorney For Plaintiffs

23

24

25

AGREED PROTECTIVE ORDER                    9
No. C01-5687JKA

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558

1

2

3
/s/  Eleanor Hamburger
WSBA No. 26478
Sirianni, Youtz, Meier & Spoonemore
Telephone:  (206) 223-0303, Ext. 1010
Fax:  (206) 223-0246
ehamburger@sylaw.com
Attorney For Plaintiffs

4

5

6

7

8
/s/  Martha Jane Perkins
National Health Law Program
Telephone:  (919) 968-6771
Fax:  (919) 968-8855
perkins@healthlaw.org
Attorney For Plaintiffs

9

10

11

12

13
/s/  Gregory D. Provenzano
WSBA No. 12794
Columbia Legal Services
Telephone:  (360) 943-6260, Ext. 227
Fax:  (360) 754-4578
greg.provenzano@columbialegal.org
Attorney For Plaintiffs

14

15

16

17

18
/s/  Julie L. Wilchins
WSBA No. 28471
Washington Protection & Advocacy System
Telephone:  (206) 324-1521
Fax:  (206) 957-0729
juliew@wpas-rights.org
Attorney For Plaintiffs

19

20

21

22

23

24

25

AGREED PROTECTIVE ORDER
No. C01-5687JKA

10

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on February 23, 2006, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   following:

5   **Attorney For Plaintiffs**                    **Attorney For Plaintiffs**
    David R. Carlson                               Amy Louise Crewdson
6   Washington Protection & Advocacy System        Columbia Legal Services
    315 Fifth Avenue South, Suite 850              711 Capitol Way South
7   Seattle, WA  98104                             Suite 304
    davidc@wpas-rights.org                         Olympia, WA  98501
8                                                  amy.crewdson@columbialegal.org

9   **Attorney For Plaintiffs**                    **Attorney For Plaintiffs**
    Deborah A. Dorfman                             Eleanor Hamburger
10  Washington Protection & Advocacy System        Attorney at Law
    315 Fifth Avenue South, Suite 850              Sirianni, Youtz, Meier & Spoonemore
11  Seattle, WA  98104                             1100 Millennium Tower
    debbied@wpas-rights.org                        719 Second Avenue
12                                                 Seattle, WA  98104
                                                   ehamburger@sylaw.com
13

14  **Attorney For Plaintiffs**                    **Attorney For Plaintiffs**
    Martha Jane Perkins                            Gregory D. Provenzano
15  Attorney At Law                                Columbia Legal Services
    National Health Law Program                    711 Capitol Way South
16  211 North Columbia Street                      Suite 304
    Chapel Hill, NC  27514                         Olympia, WA  98501
17  perkins@healthlaw.org                          greg.provenzano@columbialegal.org

18  **Attorney For Plaintiffs**
    Julie L. Wilchins
19  Washington Protection & Advocacy System
    315 Fifth Avenue South, Suite 850
20  Seattle, WA  98104
    juliew@wpas-rights.org
21

22  //

23  //

24  //

25  //

AGREED PROTECTIVE ORDER                11        ATTORNEY GENERAL OF WASHINGTON
No. C01-5687JKA                                          670 Woodland Square Loop SE
                                                              PO Box 40124
                                                        Olympia, WA  98504-0124
                                                            (360) 459-6558

1      I also hereby certify there are no attorneys on the Manual Notice List in this case.

2      DATED this 23rd day of February, 2006.

3                        ROB MCKENNA
                          Attorney General

4

5

6                        /s/  William M. Van Hook
                       WSBA No. 33922

7                        Assistant Attorney General
                       Telephone:  (360) 459-6187

8                        Fax:  (360) 407-0433
                       E-mail:  WilliamV@atg.wa.gov

9

10

11                       /s/  Edward J. Dee
                      WSBA No. 15964

12                       Assistant Attorney General
                      Telephone:  (360) 459-6950

13                       Fax:  (360) 407-0433
                      E-mail:  Edward.Dee@atg.wa.gov

14

15

16                       /s/  John S. Meader
                      WSBA No. 34303

17                       Assistant Attorney General
                      Telephone:  (360) 459-6735

18                       Fax: (360) 407-0433
                      E-mail:  JohnM6@atg.wa.gov

19                       Attorneys for Defendant

20                       Office of the Attorney General

21                       670 Woodland Square Loop SE
                      PO Box 40124

22                       Olympia, WA  98504-0124

23

24

25

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA  98504-0124
(360) 459-6558