**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DUANE BOYLE, through his guardians, Marion and Robert Boyle, et al., <br><br> Plaintiff, <br><br> v. <br><br> ROBIN ARNOLD-WILLIAMS, in her capacity as the Secretary of the Washington State Department of Social and Health Services, <br><br> Defendant. | **Case No.** C01-5687 JKA <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

THIS MATTER comes before the court on Plaintiff's Motion to Compel Discovery of Documents Defendant Provided to or Received from the Washington State Legislature. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

This dispute centers around Plaintiff's Requests For Production #23 and #24.

> REQUEST FOR PRODUCTION NO 23. Please produce copies of all documents, correspondence, emails, notes of meetings, and other documents provided to, received from or generated as a result of meetings with members, staff or consultants to the Washington State Legislature regarding negotiations about and possible settlement of *Boyle v. Braddock* and *ARC v. Quasim*.

> REQUEST FOR PRODUCTION NO 24. Please produce copies of all consultant, expert or other reports produced by members, staff, consultants or experts to the Washington State Legislature regarding negotiations about and possible settlement of *Boyle v Braddock* and *ABC v. Quasim*.

Defendant responded to each of the aforementioned requests as follows:

> RESPONSE: Defendant declines production of the documents requested. Said documents are attorney work product and further are subject to attorney client privilege. The documents requested are not calculated to lead to evidence admissible at trial and further this request was propounded with the intent to vex and harass Defendant and her attorneys.

ORDER
Page - 1

The essence of the dispute centers around defendant's claim that the materials sought, are privileged as (1) attorney-client communication; (2) work product; and/or (3) internal documents generated for the purpose of internal discussions regarding settlement.

**1. Attorney-Client Privilege**. Plaintiff refutes this claimed privilege on the basis that the legislature is not the client; that communication to the legislature is to a third party thereby constituting a waiver of privilege. The court does not find this claimed privilege to be dispositive.

**2. Work Product**. The materials sought neatly fit into what might ordinarily be considered work-product. There is no suggestion by plaintiff that the legislative communications sought were for any other purpose than as suggested by the defense.

**3. Settlement Considerations**. The court finds the cases cited in support of the notion that the materials sought are not privileged distinguishable. The numerosity of persons who might have come in contact with the materials in question is not determinative. There is no allegation by plaintiff that the persons to whom this information may have been relayed in the course of exploring authority for settlement disclosed the information to any uninvolved or unnecessary third party. The nature of this litigation and the resolution of the litigation in *Boyle* and *Arc* would understandably require legislative guidance (if not approval) because of the potential budgetary impact of resolution by way of either settlement or trial.

To allow plaintiff access to communications between counsel for the defendants, the defendants, and legislative personnel generated for purposes of exploring resolution of related issues in other cases, would be to defeat the letter and the spirit of the privilege regarding settlement exploration.

Plaintiff's Motion to Compel is Denied.

July 14, 2006.

   */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge