UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE BOYLE, through his guardians Marion and Robert Boyle, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBIN ARNOLD-WILLIAMS, in her official capacity as the Secretary of the Washington Department of Social and Health Services,<br><br>Defendant. | No. C01-5687JKA<br><br>CLASS ACTION<br><br>ORDER GRANTING FINAL APPROVAL OF PROPOSED ORDER AND SETTLEMENT AGREEMENT |

This matter came before the Court in accordance with the Court's Order of October 3, 2006, Preliminarily Approving Settlement, Directing Notice to Class Members and Scheduling Fairness Hearing and its notice of October 12, 2006 directing that the parties file their Joint Motion for Final Approval of the Settlement by December 8, 2006.

The parties reached a proposed settlement in this case on September 12, 2006 and filed their Proposed Order and Settlement Agreement on September 26, 2006. The Proposed Order and Settlement Agreement includes provisions that provide the named plaintiffs and members of the plaintiff class with injunctive relief in regards to the services that they receive from Defendant's Division of Developmental Disabilities Home and Community Based Services (HCBS) Waivers.

Pursuant to notice, the Court conducted a fairness hearing on December 15, 2006, where it considered arguments in support of the motion from counsel for Plaintiffs, Amy Crewdson, Gregory Provenzano of Columbia Legal Services, Deborah Dorfman of the Washington Protection and Advocacy System, Ele Hamburger of Sirinni, Youtz, Meir, & Spoonemore, and counsel for the Defendant, Edward

ORDER
Page - 1

Dee, Carrie Bashaw, and John Meader, of the State of Washington's Office of the Attorney General. The court also heard from individual parent/guardians, Kingery and Purcell, who appeared and addressed the court in support of the proposed settlement agreement.

Counsel for Arc of Washington, Larry Jones and Christine T. Ibrahim, appeared and spoke in opposition to the motion. No individual objectors spoke in opposition to the motion.

In addition, the Court considered the pleadings filed in this action, including:

1)   the Declaration of Amy L. Crewdson filed on December 8, 2006;

2)   the Declaration of Deborah Dorfman and the attachments thereto filed on December 8, 2006;

3)   the Declaration of Jane Perkins filed on December 8, 2006;

4)   the Declaration of Celia Feinstein filed on December 8, 2006;

5)   the Declaration of Ali Khaksar, filed on December 8, 2006;

6)   the Declaration of Evan Purcell filed on December 8, 2006;

7)   the Declaration of Laurie Holscher filed on December 8, 2006;

8)   the Declaration of Peggy Bureta filed on December 8, 2006;

9)   the Declaration of Evelyn Hamman filed on December 8, 2006;

10)  the Declaration of Karen Mayer filed on December 8, 2006;

11)  the Declaration of Shawn Murinko filed on December 8, 2006;

12)  the Declaration of Jennone Jones filed on December 8, 2006;

13)  the Declaration of Kelly Moore filed on December 8, 2006;

14)  the Declaration of Cheryl Arthur filed on December 8, 2006;

15)  the Declaration of Edward Dee filed on December 8, 2006;

16)  the Declaration of Lisa A. Weber filed on December 8, 2006;

17)  the Declaration of Donald Clintsman filed on December 8, 2006;

18)  the Joint Motion for Order Approving Settlement Agreement;

19)  the Plaintiffs' Memorandum in Support of Joint Motion for Order Approving Settlement Agreement;

20)  the Defendant's Memorandum of Points and Authorities in Support of the Joint Motion for Order Approving Settlement Agreement;

21)  Objection by Julie Davisson filed October 27, 2006 listed as docket number 167;

22) Objection and Letter from Loren M. Freeman filed November 20, 2006 listed as docket number 168;

23) Objection by William J. Flaherty filed November 22, 2006 listed as docket number 169;

24) Objection by William T. Burke filed on November 22, 2006 listed as docket number 170;

25) Objection by Ron Ralph filed November 22, 2006 listed as docket number 171;

26) Objection by Diana Stadden filed November 22, 2006 listed as docket number 172;

27) Objection by Nancy Meltzer filed on November 22, 2006 listed as docket number 173;

28) Objection and Letter from Larry Jones on Behalf of Arc of Washington filed November 27, 2006 and the attachments thereto listed as docket number 174;

29) Objection and Letter from Margaret Lee Thompson filed on November 27, 2006 listed as docket number 175;

30) Objection by Maria Laura Musso Escude filed on November 27, 2006 listed as docket number 175;

31) Objection by Nelson and Susan Schmitz filed November 27, 2006 listed as docket number 175;

32) Objection by Lisa Rohrback filed November 27, 2006 listed as docket number 175;

33) Objection by Debbie Rannfeldt filed November 27, 2006 listed as docket number 175;

34) Objection by Joanne O'Neill filed November 27, 2006 listed as docket number 175;

35) Objection by Maren Drage filed November 27, 2006 listed as docket number 175;

36) Objection by Jo Adcock filed November 27, 2006 listed as docket number 175;

37) Objection by Stacy Gillett filed November 27, 2006 listed as docket number 175;

38) Objection by Sue Willey filed November 27, 2006 listed as docket number 175;

39) Objection by Karen Stueckle filed November 27, 2006 listed as docket number 175;

40) Objection by Nina Mirante filed November 27, 2006 listed as docket number 175;

41) Objection by Nancy Frederick filed November 27, 2006 listed as docket number 175;

42) Objection by Kathleen Whittaker filed on November 27, 2006 listed as docket number 176;

43) Objection by Karen Ritter filed November 27, 2006 listed as docket number 177;

44) Objection and Letter from Roger Krebs filed on November 27, 2006 listed as docket number 178;

45) Objection by Tamara R. McGrath filed on November 27, 2006 listed as docket number 179;

46) Objection by Sue Scott filed November 27, 2006 listed as docket number 180;

47) Objection by Katherine Evans filed on November 27, 2006 listed as docket number 181;

48) Objection by Jeri Gallacher filed on November 27, 2006 listed as docket number 182;

49) Objection by Sharon P. York filed on November 27, 2006 listed as docket number 183;

50) Objection by Jamie Dierlam filed on November 27, 2006 listed as docket number 184;

51) Objection by Dan Lookabill filed on November 27, 2006 listed as docket number 185;

52) Objection and Letter from Henrietta Kerrigan filed on November 27, 2006 listed as docket number 186;

53) Objection and Letter from Sandra Hoffelt Olson filed on November 27, 2006 listed as docket number 187;

54) Objection from Clifford Bridges filed on November 27, 2006 listed as docket number 188;

55) Objection from Caroll Smith filed on November 27, 2006 listed as docket number 189;

56) Objection from Maureen Wikins filed on November 27, 2006 listed as docket number 190;

57) Objection by Renee Harris filed on November 27, 2006 listed as docket number 191;

58) Objection by LeRae J. Sutton filed on November 27, 2006 listed as docket number 192;

59) Objection from Clifford Brown filed on November 27, 2006 listed as docket number 193;

60) Objection by Karen J. McNerney filed on November 27, 2006 listed as docket number 194;

61) Objection by Sue Acheson filed December 1, 2006 listed as docket number 195;

62) Objection by Ada Hemquest filed on December 4, 2006; listed as docket number 196;

63) Objection by Mary R. Lemon filed on December 4, 2006 listed as docket number 197;

64) Objection by Nancy Frederick filed November 27, 2006 listed as docket number 175.

Based on the arguments of counsel and evidence presented, the Court finds pursuant to Rule 23(e) that:

1. On September 12, 2006, the parties reached a proposed settlement, the terms of which are set forth in the attached Proposed Order and Settlement Agreement, attached hereto as Exhibit 1 previously filed with the Court on September 26, 2006.

2. On October 3, 2006, the Court granted the Joint Motion to Certify a Settlement Class and defined the settlement class to include all current and future HCBS waiver participants in Washington State's Medicaid Home and Community Based Waiver programs for people with developmental disabilities.

3. On October 3, 2006, the Court preliminarily approved the settlement, approved and directed notice be given to the class, and scheduled a fairness hearing.

4. Class members were given adequate notice of the terms of the settlement, informed of the right to file written objections to the settlement, and were apprised of the date and time of the Fairness Hearing in accordance with the October 3, 2006 Order discussed above. Defendants mailed the required notice to all class members, their guardians, and their necessary supplemental accommodation aides as required by the Division of Developmental Disabilities Policy 5.02. The notice was sent out in eight different languages. WPAS developed a website page devoted to the provision of information about the proposed settlement about the right of class members to object or comment on the settlement and attend the fairness hearing. Plaintiffs' counsel also made trainings available throughout Washington State to educate class members about the settlement. They also distributed copies of the settlement and the related documents discussed above to class members when such materials were requested. WPAS also responded to over 150 phone calls on its local or statewide toll-free telephone lines from class members, their families and guardians to provide them with information about the proposed settlement, their right to comment on or object to the settlement, and the fairness hearing. WPAS also sent out copies of the settlement and information sheet that it developed explaining the terms of the settlement to over 530 constituents and interested parties.

5. The notice to the class was sent out by first class mail on October 20-23, 2006 and class members were given until November 27, 2006, to file written objections to the proposed Settlement Agreement.

6. A total of 45 unduplicated objections to the proposed Settlement Agreement were filed, including an objection filed by counsel representing The Arc of Washington in a related case known as The Arc of Washington State v. Arnold-Williams, C99-5577 JKA now pending in the United States District Court, Western District of Washington.

7. In assessing a class settlement, courts must consider the reaction of the class members to the proposed settlement. A relatively small number of objectors indicates fairness and supports judicial approval. On the other hand, the fact that there is opposition does not necessitate disapproval of the settlement. Instead, the court must independently evaluate whether the objections being raised suggest serious reasons why the proposal might be unfair. Although the reaction of class members to the settlement proposal is to be taken into account, the settlement can be found to be fair even if a substantial

number of members object to it. Here, the Arc of Washington and almost ninety percent of the other objectors objected to the proposed settlement because the settlement contains no new revenues to cover additional wavier services. Counsel for The Arc of Washington and the others filing objections, did not for the most part object to the prospective relief negotiated by Plaintiffs. Instead, they complained that such relief was hollow with no corresponding funding. They also asserted that if the Court approved the proposed settlement, that somehow this would bar them from proceeding with their own lawsuit which they had been litigating for the last seven years. The Court considered each of the filed objections but concludes that despite these objections the proposed settlement is fair, reasonable, and adequate. Specifically, regarding the funding issue the court noted that non compliance with the agreement could be addressed by enforcement motions, and that a lack of funding would not be a defense to enforcement. With regard to the impact of the settlement agreement on the litigation filed as The Arc of Washington v. Braddock/Arnold-Williams, C99-5577JKA the court finds no significant impact on that litigation resulting from the approval of the proposed settlement in this case, however the court offered at the request of any party to C99-5577JKA to recuse itself as the trial judge, noting that the case had been transferred to the undersigned on the consent of the parties pursuant to 18 U.S.C. 636© )(1).

8. Neither the Arc of Washington nor other objectors raised any evidence of any fraud, overreaching, or collusion between plaintiffs' counsel and defendant's counsel. Few of them discussed those factors which this Court generally must examine in deciding whether or not to approve a settlement under Rule 23(e). For example, few if any of the objectors, talked about the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the terms offered in the settlement agreement, except in very broad terms; the extent of discovery completed; and the stage of the proceedings; the experience and views of counsel; or the presence and recommendation of a governmental participant.

9. The declarations of Ali Khaksar, Evan Purcell, Laurie Holscher, Peggy Bureta, Evelyn Hamman, Karen Mayer, Shawn Murinko, Jennone Jones, Kelly Moore, and Cheryl Arthur filed in support of the Joint Motion for Final Approval of the Settlement Agreement are supportive of the proposed Settlement Agreement.

10. After careful assessment, Plaintiffs' counsel and Plaintiffs' expert Celia Feinstein,

recommended approval of the proposed settlement, as did counsel for Defendant.

11. There is no evidence of any fraud, overreaching, or collusion between Plaintiffs' counsel and Defendant's counsel.

12. The amount of attorneys' fees and costs to be paid to Plaintiffs' counsel as agreed upon by the parties and as set forth in the proposed Settlement Agreement, is fair, reasonable, and adequate.

13. A number of factors support the approval of the proposed Settlement Agreement, including all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the terms offered in the settlement agreement; the extent of discovery completed; and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed Settlement Agreement.

14. The fact that the Arc of Washington and some class members would have preferred to have seen a commitment of new funding from the Defendant does not suggest nor constitute evidence that the settlement is not fair and reasonable.

15. After independently evaluating each of the objections, I find no evidence that the rights of absent class members were inadequately represented nor that the proposed settlement is anything but fair, reasonable, and adequate.

Based upon the findings, IT IS HEREBY ORDERED THAT:

1. The Joint Motion is granted as the proposed Settlement Agreement is fair, reasonable, and adequate as required by Rule 23(e) of the Federal Rules of Civil Procedure.

2. The proposed Order and Settlement Agreement was entered on December 15, 2006 (docket number 223).

3. The Court shall retain jurisdiction in accordance with the terms of the proposed Order and Settlement Agreement.

DATED this 20th day of December, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge