Hon. J. Kelley Arnold

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE BOYLE, through his guardians Marion and Robert Boyle, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SUSAN DREYFUS, in her official capacity as the Secretary of the Washington Department of Social and Health Services,<br><br>Defendant. | No. C-01-5687 JKA<br><br>AGREED AMENDED PROTECTIVE ORDER |

This matter having come before this Court upon the Parties' Joint Motion for an Amended Protective Order, it is hereby ORDERED, ADJUDGED and DECREED that an Amended Protective Order shall be issued in accordance with Civil Rule 26(c). It is further ORDERED that:

1. This Order shall govern the designation, production, handling, and treatment of, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents which is confidential pursuant to RCW 70.02.050, RCW 74.04.060, RCW 42.56.230, RCW 74.34.095, and 45 C.F.R. Parts 160-164 and which is obtained or observed as a result of or in the course of this litigation. The purpose

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

of this Order is to protect the privacy of the individuals whose confidential public assistance records and health information is sought in discovery or will be used at trial.

2. Documents:

When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, including, but not limited to, materials produced pursuant to Civil Rule 34, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any Court papers that quote from any of the foregoing.

3. Scope and Designation:

Any and all documents that include or reveal the names or other personally identifying information of past or current individual Division of Developmental Disabilities (DDD) clients, any persons who have made application for DDD services, or past or present clients or constituents of Plaintiffs, and any documents or information described in RCW 74.34.095(1), shall be governed by this Order. As used herein, "personally identifying information" shall include, but is not limited to, health care record information, any information from which the identity of a client or constituent may be ascertained, and any information which is deemed confidential pursuant to RCW 74.04.060, RCW 70.02.050, RCW 42.56.230, RCW 74.34.095, and 45 CFR Parts 160-164.

4. Challenge to Confidentiality Designation:

If any party objects to the designation of any document(s) produced or filed as "confidential," under the above definition, that party may file a motion to resolve the dispute regarding whether such document(s) qualifies for confidential status. Interested parties shall attempt to resolve any such disagreements before submitting them to the Court. Pending

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

resolution of a dispute over the status of a document under this Order, that document shall be considered a confidential document subject to the protection of this Order. At all times, the party seeking to assert a document's confidentiality bears the burden of showing good cause pursuant to Civil Rule 26(c).

5. Identification of Counsel:

For the purpose of this Order, "counsel" or "attorney" means counsel of record for the parties of this action and all of their employees, contractors, sub contractors, agents and experts.

6. Use of Confidential Material:

Confidential records shall be used solely for the purpose of conducting the action entitled *Boyle et al. v. Dreyfus,* Cause No. C01-5687JKA, unless the person who is the subject of such confidential material, or that person's legal guardian, if applicable, authorizes its use for any other particular purpose.

7. Use and Designation of Confidential Material in Court Filings:

When the parties file pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents with the Court that refer to individuals covered by this Agreed Protective Order, the parties must ensure that the individuals' names are not used and rather must replace each name with a designated letter or letters. Absent circumstances not in the control of either party, each individual covered by this Protective Order must be identified during discovery, and the parties shall agree upon the unique assigned letter(s) designation as soon as possible following identification of the individual and exchange of confidential records. In the event a party files pleadings with the Court that refer specifically to a person whose confidential information is the subject matter of this Protective Order and whose identifying



Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

initials or letters have not yet been agreed to, that party must notify opposing counsel as to the identity and corresponding designated letter(s) contained in the pleadings.

If the individual who is the subject of the document(s) filed with the Court, or that person's legal guardian, if applicable, authorizes a party to use the individual's name, any party may reference the individual by name in the document(s) filed with the Court.

Portions of confidential records (such as medical records) may be attached to any pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court, but all records that contain personally identifying information must be filed under seal. When submitting or filing records with the Court under seal, the parties shall use the following designation:

> **CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE, CONTAINING THE ABOVE-IDENTIFIED PAPERS FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.**

Only the confidential records will be filed under seal. The pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court will not be filed under seal.

If the person who is the subject of the confidential records or that person's legal guardian, if applicable, authorizes a party to use the confidential records, any party may use or file the records in an unsealed form. Upon filing with the Court, the portion of the confidential record that has not been filed under seal becomes part of the public record.

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

8. Disclosure of Confidential Material:

All confidential records shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order. Any patient's confidential information shall be disclosed only to the following persons:

(a) Counsel, including paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in the above entitled action;

(b) Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who is engaged by counsel in this litigation, whether or not such expert is paid directly by a party;

(c) Any director, officer, or employee of a party who is requested by counsel for such party to work directly on the above entitled action;

(d) Any deposition or trial witness;

(e) Any person who authored or received the particular confidential information sought to be disclosed;

(f) Any court or other shorthand reporter or typist recording or transcribing testimony; or

(g) The Court.

Confidential information shall not be disclosed to persons described in Paragraphs 8(b), (c), or (d) unless or until such persons have been provided with a copy of this Protective Order and have agreed in writing to abide by and comply with the terms and provisions therein.

9. Use of Confidential Information During Discovery:

Depositions. A party may designate as confidential the deposition transcript and all exhibits to the deposition by indicating on the record at the deposition that certain information is confidential and subject to the terms of this Protective Order. Alternatively, the party may make a confidential designation by notifying all parties in writing within twenty (20) days after the deposition transcript is received by the party of the portions of the transcript and/or exhibits

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

designated as confidential. During this interim twenty (20) day period, the entire transcript and the exhibits attached thereto shall be treated by all the parties as confidential. All transcripts and deposition exhibits containing any confidential information shall be marked: **"CONFIDENTIAL. Subject to restriction by a Protective Order."**

Interrogatories and Requests for Production, and other discovery related matters. Use of confidential information during discovery shall be designated as follows:

(a) To designate a document as one containing confidential information, the party producing the document, shall stamp the first page and every page thereafter as follows: **"CONFIDENTIAL. Subject to restriction by a Protective Order."**

(b) All confidential documents produced by the parties during discovery shall be stamped as indicated in paragraph 9(a) above.

(c) Any responses to interrogatories, requests for production, or requests for admission, which are designated by a party as containing confidential information, shall be submitted in a separate document with each page stamped as indicated in paragraph 9(a) above.

(d) If documents are produced on a computer disc, and all documents on the disc contain confidential information, they shall all be designated confidential by application to the disc of a sticker bearing the language set out in paragraph 9(a). If any of the documents are used at depositions or attached to pleadings, each page of these documents shall be stamped as indicated in paragraph 9(a).

10. Use of Confidential Information at Hearing or Trial:

A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above entitled action. Any confidential information used in any court proceeding shall not lose its confidential status through such use, unless the Court orders otherwise.

11. Preservation of Rights and Privileges:

Nothing contained in this Protective Order shall (1) affect the right of any party or witness to make any other type of objection or claim; or (2) diminish the Washington Protection

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

and Advocacy System's federal access rights under 42 U.S.C. § 10801, et seq., as amended; 42 U.S.C. § 15041, et seq.; and the regulations promulgated thereunder.

12. Modification of the Protective Order:

This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for an additional protective order, or for modification of this Order.

13. Return of Materials:

Within thirty (30) days after the conclusion of the above entitled action, including, without limitation, any appeal or retrial, all confidential information, including copies, extracts, or summaries, shall be returned to counsel who provided it, unless that person who is the subject of such confidential material or that person's legal guardian, if any, directs that such materials be given to that person's legal guardian instead of the producing party or upon consent of counsel for the producing party. Alternatively, a party or counsel in possession of documents containing confidential information shall certify in writing within the 30-day period that all such documents have been destroyed. As to those materials which contain confidential information, but constitute or reflect counsel's work product, all such work product and all copies shall either be destroyed or retained by counsel in a secure place, subject to this Protective Order.

14. Inadvertent Disclosure:

Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

this Protective Order. No information shall lose its confidential status because of its disclosure to a person not authorized to receive it under this Protective Order.

15. Upon conclusion of the above entitled action, the provisions of this Protective Order shall continue to be binding.

16. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court made upon reasonable written request.

Dated this 29th day of March, 2011.

J. Kelley Arnold
United States Magistrate Judge

Presented by:

COLUMBIA LEGAL SERVICES
/s/ Amy L. Crewdson
WSBA No. 9468
Columbia Legal Services
Telephone: (360) 943-6260, Ext. 214
Fax: (360) 754-4578
amy.crewdson@columbialegal.org

DISABILITY RIGHTS WASHINGTON
/s/ Regan Bailey
WSBA No. 39142 23823
Disability Rights Washington
Telephone: (206) 324-1521
Fax: (206) 957-0729
reganb@dr-wa.org

/s/ David R. Carlson
WSBA No. 35767
Disability Rights Washington
Telephone: (206) 324-1521
Fax: (206) 957-0729
davidc@dr-wa.org
Attorneys for Plaintiffs

ROB MCKENNA
Attorney General

s/Edward J. Dee
WSBA No. 15964
Assistant Attorney General
Telephone: (360) 586-6495
Fax: (360) 586-6662
E-mail: Edd@atg.wa.gov

s/William B. Work
WSBA No. 33824
Assistant Attorney General
Telephone : (360) 586-6496
Fax : (360) 586-6662
E-mail : brucew@atg.wa.gov

Attorneys for Defendant

AMENDED PROTECTIVE ORDER – 9
No. C01-5687 JKA

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729