**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DUANE BOYLE, through his Guardians Marion and Robert Boyle, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBIN ARNOLD-WILLIAMS, in her official capacity as the secretary of the Washington Department of Social and Health Services, <br><br> Defendant. | **Case No. C01-5687 JKA** <br><br> ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (Striking Motion for Contempt) |

This matter comes before the court pursuant to the Motion of the Defendant to Enforce Settlement Agreement. The court has considered all materials submitted in support of and in response to said motion, as well as the files and records herein.

## **HISTORY**

The litigation was commenced in December of 2001. Thereafter, the matter was assigned to the undersigned pursuant to 28 U.S.C. 636(c) on consent of the parties (Doc.99). Plaintiffs sought an order directing the Washington State Department of Social and Health Services (DSHS) to provide residential and community-based services for developmentally disabled persons pursuant to the Community Alternatives Program (CAP) waiver program.

Upon expiration of the CAP program in 2004 the Centers for Medicare and Medicaid Services (CMS) approved new waiver programs for DSHS. Following mediation, the parties

Order - 1

entered into a Settlement Agreement which was approved December 20, 2006 (Docs. 223, 224). The agreement provided for a delayed termination of the litigation which n turn extended dismissal to July 1, 2012 by way of an Amended Order and Settlement Agreement (Doc. 237) h "provided there are no pending requests for dispute resolution or contempt motions before the court as provided for in this Agreement."

The Amended Order and Settlement Agreement further provided: "If there is a pending request for dispute resolution or a contempt motion, this Order and Settlement Agreement shall terminate when the pending motion(s), if any, are resolved." The Amended Order and Settlement Agreement specifically referred to "all disputed matters identified in the Fourth Amended Complaint relating to the provision of services under the Medicaid Home and Community-Based Services waiver program . . . ."   Plaintiffs filed a Motion for Contempt alleging Defendant has failed to "substantially  comply with the Amended Order and Settlement Agreement." (Doc 266).  Pending an evidentiary hearing on the contempt motion, Defendant filed this Motion to Enforce Settlement Agreement, seeking dismissal of plaintiffs' motion for contempt. The court has been advised that in addition to plaintiffs' contempt citation there is a dispute resolution pending (Doc 298).

## **DISCUSSION**

Plaintiffs' contempt motion specifically alleges that defendants have (1) failed to implement an effective system to identify, address, and prevent instances of abuse and neglect; and  (2) failed to implement a mortality review process that gathers, analyzes, or uses information about class members to implement remedial safeguards to protect other class members from preventable deaths. Plaintiffs cite specific instances of alleged neglect, alleged failure to adequately investigate, and alleged failure to conduct mortality reviews in a timely manner. In her motion to enforce, defendant acknowledges the requirement that she establish a quality management strategy (QMS) which includes, among other things "efforts to identify, address and minimize instances of abuse, neglect, or exploitation" as set forth at IIB9(j), but notes that the agreement imposes no specific standards for any particular investigatory system or mortality review process. Defendants further assert that plaintiffs may have procedural remedies to address their complaints, but that a citation for contempt for failure to comply with the Amended Order and Settlement Agreement is not among them.

The Ninth Circuit has addressed the occurrence of civil contempt in *Reno Air Racing Ass'n., Inc., v. McCord,* 452 F.3d 1126 (9th Cir. 2006). Therein the court describes civil contempt as "a party's disobedience to a specific and definite court order . . . . . a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'"

Plaintiffs argue that because the Amended Order requires the defendant to "implement" the required QMS, that defendant has failed to meet her obligation under the agreement. The difficulty with this argument is that followed to its logical conclusion, plaintiff could cry "contempt" whenever the plaintiffs' subjective standards are not met. Without repeating the arguments of counsel in their memorandum, this court is satisfied that the language in the Amended Order does not set forth specific standards to be "implemented" by the defendants with regard to the adequacy of "investigations" or any requirement that mortality reviews be included as a requisite standard. Accordingly the court cannot find "disobedience of a specific and definite order." This determination should not be construed in any way to be determinative with regard to the validity or non-validity of plaintiffs' complaints as they may relate to relief sought in any manner other than the contempt proceeding initiated by way of Doc. 266.

**ORDER**

Accordingly, defendant's Motion to Enforce the Settlement Agreement is granted, and plaintiffs' motion for contempt is denied. Defendant's included motion to dismiss the case in its entirety is barred, with defendant's acknowledgment that there remains a pending dispute resolution.

Dated this 5th day of September 2012.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

Order - 3